IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

FILED
FEB 0 3 2005
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Sherman McKinney, Individually and as a representative on behalf of other similar persons, | Civil Action No. |
| | 7 05   350 26 |
| Plaintiff, | NOTICE OF REMOVAL |
| vs. | |
| CitiFinancial, Inc. and Dianne S. Scales, | |
| Defendants. | |

YOU ARE HEREBY NOTIFIED that, pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, CitiFinancial, Inc., without waiving and expressly reserving any objections or defenses based on failure to serve, improper service, or lack of personal jurisdiction, hereby removes the above-captioned matter previously pending in the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, State of South Carolina, as Civil Action No. 05-CP-42-10, to the United States District Court for the District of South Carolina, Spartanburg Division, on the following grounds:

### I. STATEMENT OF COMMENCEMENT OF ACTION

The above-captioned matter was commenced by the Plaintiff by the filing of a Summons and Complaint with the Clerk of Court for Spartanburg County on January 5, 2005, and subsequently serving same on Defendant CitiFinancial's registered agent on January 10, 2005. Defendant CitiFinancial is unaware of service on the other defendant, but she is represented by

undersigned counsel and consents to removal.[1] Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of first receipt by the Defendant of the initial state court pleading.

## II.   PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process and pleadings served upon the Defendants are attached hereto as "Exhibit A" and are being filed along with this Notice of Removal. A copy of this Notice of Removal has been provided to the Clerk of Court for the Spartanburg County Court of Common Pleas.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 2001). As discussed in detail below, this action satisfies the requirements for federal question jurisdiction.

## IV.   FEDERAL QUESTION JURISDICTION

A federal question arises in this action because the Complaint sets forth a claim alleging violations of 15 U.S.C.A. § 6801 et seq. for Defendants' alleged violation of the "federal privacy disclosure statute." (Pl's. Compl. ¶¶ 9(b)). Therefore, the allegation of a violation of a federal statute clearly demonstrates that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Alternatively, a federal question also arises in this action because the Complaint sets forth a claim alleging violations of the United States Code for Defendants' alleged failure to

---

[1] Defendants reserve the right to assert all available defenses in this action.

2

provide proper disclosures and a Good Faith Estimate regarding Plaintiff's loan transaction. (Pl's. Compl. ¶¶ 18-20.) The Plaintiff alleges *inter alia* that he is entitled to recover damages as a result of the Defendants' alleged failure to provide her with federally required disclosures. Federal courts have held that claims regarding failure to provide proper disclosures brought in state court may be removed to federal court. See Fielder v. Credit Acceptance Corporation, 188 F.3d 1031 (8th Cir. 1999); Sanford v. H.A.S., Inc., 136 F. Supp. 2d 1215 (M.D. Alabama 2001). Under these circumstances, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Additionally, the remaining claims in Plaintiff's Complaint are closely related to the federal claims and arise out of the same common nucleus of operative fact, and thus properly fall within this Court's supplemental jurisdiction. 28 U.S.C. § 1367.

## VI. CONCLUSION

Wherefore, the Defendants hereby remove this matter from the South Carolina Court of Common Pleas for the Seventh Judicial Circuit to the United States District Court, Spartanburg Division based on federal question jurisdiction.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: /s/ Karl S Bowers
B. Rush Smith III
Federal Bar No. 5031
Karl S. Bowers, Jr.
Federal Bar No. 7716
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC 29201
(803) 799-2000

Attorneys for Defendants

Columbia, South Carolina
February 3, 2005

Exhibit "A"

STATE OF SOUTH CAROLINA )  
) IN THE COURT OF COMMON PLEAS  
COUNTY OF SPARTANBURG )  

Sherman McKinney )   COMPLAINT  
   Individually and )  
   As a representative on )   C.A. #: 05-CP-42-  10  
   behalf of other similar persons )  
       Plaintiff, )  
v. )  
Citifinancial, Inc. )   Jury Trial Requested  
Dianne S. Scales )  
       Defendants )  

PLAINTIFF would respectfully show unto this Court:

## PARTIES

1. Plaintiff is a resident of Spartanburg County.

2. Citifinancial, Inc. is a foreign corporation doing business in the State of South Carolina with offices, and extending consumer loans.

3. Dianne S. Scales, upon information and belief, is a manager of a branch office of Citifinancial, Inc. in the County of Spartanburg, State of South Carolina. She is named individually due to her specific conduct as set out below.

4. Contemporaneous with the filing of this suit, Plaintiff has filed a Complaint with the SC Department of Consumer Affairs alleging unfair debt collection practices. Thirty days has passed from the filing of the administrative Complaint.

### Notice of Class Action

5. Plaintiff, in his capacity as a representative of the class, will move for certification of this suit to proceed as a class action, seeking actual and equitable relief.

## FACTS

6. Citifinancial is in the business of extending consumer loans in the State of South Carolina. These consumer loans are subject to the requirements as set out in the SC Consumer Protection Code, SC Code 37-1-101 et seq.

7. Citifinancial contracted with Larry Sprouse (having six employees performing service throughout the State of South Carolina)) to perform service of process for its debt related activities, for example, to deliver notices of right to

cure and serving of process for complaints. At the direction of Citifinancial, these activities expanded to include the following complained of conduct. It is estimated Citifinancial engaged in at least 5000 occurrences over a period of approximately 18 months where Sprouse received debtor's private and credit related information, and performed services for Citifinancial, all in violation of the SC Consumer Protection Code,

### Notice of Debt Collection Practices

3.  Citifinancial is subject to SC Code 37-5-108 regarding prohibition against unconscionable debt collection practices.

9.  Citifinancial contracted with Larry Sprouse (having six employees performing service throughout the State of South Carolina)) to perform service of process for its debt related activities. These activities expanded to include the following conduct directed by Citifinancial:

 a) Providing Sprouse by facsimile, or by directly providing a copy, a print out of a debtor's non public and private information concerning the debt with Citifinancial. This information, as disclosed on the screen print out titled Customer Summary of Citifinancial's computer program Network MAESTRO M3.5.0( would disclose to Sprouse and his employees the debtor's social security number, the amount of the debt, its terms, the balance due, the amount of payments, the delinquency category potential rating, the credit risk rank, available credit, payoff, amount financed, APR, principal, interest and late fees due, times 30-60-90 days late on payments, age, home and work phone numbers, and other related private information.

 b) Sprouse had no need for the private, non public debt related information and it's pattern and practice of disclosure violated SC Code 37-5-108(5) d) and the federal privacy disclosure statute 15 USC 6801 et seq. (the Gramm-Leach-Blihey Act)

 c) Citifinancial would have Sprouse go to the debtor's homes, with the purpose to have the debtor talk with a loan officer by telephone. These visits by Sprouse sometimes occurred when a debtor did not want to

answer a telephone call from Citifinancial. Sprouse would call the Citifinancial office and hand the telephone to the debtor. These visits violate SC Code 37-5-108(5)(b).

d) Other visits, Sprouse would "deliver" of notices of right to cure information. Some of the notices also had attached a statement saying " "We have prepared legal action on you for delivery to the magistrate's office." In threatening legal action prior to the right to cure expiration, Citifinancial violated SC Code 37-5-111(1).

### Consumer Loan Practices

10. Citifinancial is subject to providing truth in lending disclosures, and good faith and other pre-closing loan disclosures. This requirement is set out in SC Code 37-3-301, for consumer loans. Section 37-3-301 incorporates the requirements of the federal Truth in Lending Act, TILA, set out in 15 USC 1601 et seq., and specifically for closed end loans as defined in 15 USC 1638.

11. With respect to loans secured by real estate, Citifinancial is subject to SC Code 37-10-101 et seq. Citifinancial engaged in a pattern and practice of closing loans absent the presence of an attorney.

12. Citifinancial engaged in a pattern and practice of forging documents with debtor's signature. Scales is alleged to have caused or directed or have forged signatures of Plaintiff's spouse.

13. Citifinancial has engaged in a practice of coercing debtors to refinance or renew loans. Some loans are secured by real estate, either first or second mortgages.

14. Citifinancial would direct debtors, such as Plaintiff, to come to their office. When at the office, Citifinancial would have the client refinance the loans.

15. In Plaintiff's instance, the refinance occurred in 2000 and again in 2002. In each "refinance," Citifinancial failed to provide any pre-closing truth in lending disclosures. The closing occurred absent an attorney. The April 2002 closing occurred with a forged signature of Inez McKinney, Plaintiff's mentally incompetent wife, who also was incapable of physically signing. In Plaintiff's

case, there was no beneficial gain for the "refinance" other than to provide Citifinancial additional interest amounts and other charges and fees.

16. Dianne Scales, believed to be manager of the loan office located at East Main Street, executed a probate on a mortgage under oath that the she saw Inez McKinney sign the mortgage. This is a knowingly false statement, and Scales is believed to be the person who forged the signature on Inez McKinney.

17. With respect to other loans and debtors, and as a result of or during Sprouse's visit, Citifancial engaged in a pattern and practice of renewing loans. These loans were induced by unconscionable conduct, in violation of SC Code 37-5-108(1).

## FOR A FIRST CAUSE OF ACTION

### Violation of SCCPC

18. The above facts are restated.

19. Defendant induced an unconscionable loan in violation of SC Code 37-5-108(1) in its April 2002 refinance.

20. In extending the loan, Defendant failed to comply with SC Code 37-3-301, which incorporates 15 USC 1601 et seq (TILA), by failing to provide preliminary truth in lending disclosures, good faith estimate of closing costs.

21. Defendant violated SC Code 37-10-101 et seq. by failing to ascertain the attorney preference, or using sham tactics to avoid this requirement.

22. Plaintiff has been damaged by Defendant's conduct.

## FOR A SECOND CAUSE OF ACTION

### Negligence

23. The above facts are restated.

24. Defendant has a duty arising from the various statutes set out above in its loan and debt collection practices. These statutes are designed to protect the rights of persons such as Plaintiff. The breach of the duty include failure to comply with SC Code §§ 37-5-108; 37-3-301 (and 15 USC 1601 et seq.); 37-10-101 et seq.; and 15 USC 6801 et seq. (the G-L-B privacy Act).

25. Violation of a statutory duty is negligence per se.

STATE OF SOUTH CAROLINA  )
                          )      IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG    )

Sherman McKinney              )    **SUMMONS**
   Individually and           )
   As a representative on     )    C.A. #: 05-CP-42- 10
   behalf of other similar persons)
          Plaintiff,          )
v.                            )
Citifinancial, Inc.           )    **Jury Trial Requested**
Dianne S. Scales              )
          Defendants          )

**TO THE ABOVE NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Summons and Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint on the undersigned at his office located at P.C. Box 6326 (160 Hidden Hill Road), Spartanburg, SC 29304, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

DAVID C. ALFORD, P.C.

David C. Alford
P.O. Box 6326
Spartanburg, SC 29304-6326
(864)574-0870

Attorney for Plaintiff

Spartanburg, South Carolina
January 5, 2005

26. Defendant breached its duty, its conduct was wilfull and wanton, and caused damage to Plaintiff.

### FOR A THIRD CAUSE OF ACTION

### Quantum Meruit

27. The above facts are restated.

28. Defendant obtained a pecuniary advantage oat the expense of Plaintiff causing a refinance of a loan providing no tangible benefit to Plaintiff. The added payments to Defendant conferred a benefit on Defendant at the damage to Plaintiff.

### FOR A FOURTH CAUSE OF ACTION

### Conspiracy

29. The above facts are restated.

30. Dianne Scales acted with Citifinancial to forge signatures, file false mortgages, use Sprouse to harass Plaintiff. As the branch manager, Scales conspired to promote refinance loans absent the presence of an attorney, engaged in the unauthorized practice of law with Citifinancial to promote unconscionable loans.

31. Defendants conduct was willful and wanton, and caused damage to Plaintiff.

### FOR A FIFTH CAUSE OF ACTION

### UTPA

32. The above facts are restated.

33. The above conduct is a pattern and practice whereby Defendants engaged in deceptive and unfair practices, harming the public. The conduct violates SC Code 39-5-05 et seq, The SCUTPA.

34. The conduct was knowing and willful.

35. Plaintiff has been damaged, along with other members of the public.

WHEREFORE, Plaintiff prays for the following relief:

2005 JAN -5 AM 9:41
MARC KITCHENS
FILED
CLERK OF COURT
SPARTANBURG COUNTY

Plaintiff will move to certify those allegations available for class relief, as the proper representative of the class of persons in the State of South Carolina harmed by the complained of conduct by Citifinancial.

Injunctive relief prohibiting Citifinacial from engaging in the complained of unlawful conduct

For the First Cause of Action, Violation of SCCPC,

    Actual and statutory damages as allowed pursuant to SC Code 37-5-108, 37-10-102, 37-5-202 and 203; plus costs and attorney's fees.

For a Second Cause of Action, Negligence,

    Actual and punitive damages.

For a Third Cause of Action, Quantum Meruit,

    Disgorgement of unlawful profits.

For a Fourth Cause of Action, Conspiracy,

    Actual and punitive damages.

For a Fifth Cause of Action, UTPA,

    Actual and statutory damages pursuant to Sc Code 39-5-140, and costs and attorney's fees.

And such other and further relief as allowed in law and equity.

                                  **RESPECTFULLY SUBMITTED**

                                  DAVID C. ALFORD, P.C.

                                  David C. Alford
                                  P.O. Box 6326
                                  Spartanburg, SC 29304-6326
                                  (864)574-0870

                                  Attorney for Plaintiff

Spartanburg, South Carolina
January 5, 2004

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG ) C.A. NO: 05-CP-42-10

Sherman McKinney
   Individually and
      As a representative
      on behalf
      Of other similar persons

         **CERTIFICATE OF SERVICE**

v.

Citifinancial, Inc.
Dianne S. Scales
      Defendants

FILED
CLERK OF COURT
SPARTANBURG COUNTY
2005 JAN 11 PM 3:20
MARC KITCHENS

    The undersigned does hereby certify that she has this date served a **SUMMONS AND COMPLAINT** with a civil cover sheet attached upon the defendant Citifinancial by depositing the same in the United States mail, certified, with sufficient postage duly attached thereto, to the following address:

CT Corporation System
75 Beattie Place
Greenville, SC  29601

as Registered Agent for the Defendant, Citifinancial, Inc.

                      **DAVID C. ALFORD, P.C.**

                      Marilyn M. Hall
For:   David C. Alford
       P.O. Box 6326
       Spartanburg, South Carolina  29304
       (864) 574-0870

Spartanburg, South Carolina
January 7, 2005

## SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Ct Corporation
Two Insignia Financial Plaza
75 Beattie Place
Greenville, SC 29601

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Charles E. McDonald, Jr.
Special Assistant Secretary
☐ Agent
☐ Addressee

B. Received by (Printed Name) CT Corporation System
C. Date of Delivery JAN 10 2005

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number (Transfer from service label): 7004 0750 0000 2857 9116

S Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE
GREENVILLE SC 29601

| | | |
|---|---|---|
| Postage | $0.60 | |
| Certified Fee | $2.30 | 0301 12 Postmark Here |
| Return Receipt Fee (Endorsement Required) | $1.75 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $4.65 | 01/07/2005 |

Sent To: CT Corporation
Street, Apt. No.; or PO Box No. 75 Beattie Place
City, State, ZIP+4 Greenville SC 29601

## CERTIFICATE OF SERVICE

I, the undersigned Administrative Assistant, of the law offices of Nelson Mullins Riley & Scarborough, L.L.P., attorneys for Defendant CitiFinancial, Inc. and Dianne Scales, do hereby certify that I have served counsel in this action with a copy of the documents hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following address:

Documents:

    Removal Package

Counsel Served:

    David C. Alford, Esquire
    David C. Alford, P.C.
    Post Office Box 6326
    Spartanburg, South Carolina 29304

*Deborah L. Johnson* (signature)
Deborah L. Johnson

February 3, 2005