

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| SHERMAN MCKINNEY, Individually and as a representative on behalf of other similar persons, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 7:05-0350-HFF |
| CITIFINANCIAL, INC. and DIANNE S. SCALES | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND

## I.    INTRODUCTION

This is a debt collection practices action. Defendant CitiFinancial asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Pending before the Court is Plaintiff's motion to remand. Having carefully considered the motion to remand, the record and the applicable law, it is the judgment of this Court that Plaintiff's motion shall be granted.

## II.    PROCEDURAL HISTORY

Plaintiff filed the instant action on January 5, 2005, with the Spartanburg County Court of Common Pleas and served Defendant CitiFinancial's registered agent on January 10, 2005. Defendant CitiFinancial timely filed its notice of removal with this Court on February 3, 2005.

Defendant Scales consented to removal. Subsequently, on February 9, 2005, Plaintiff filed a motion to remand. Defendants have failed to file a response.[1]

### III.   STANDARD OF REVIEW

A federal court's jurisdiction under the removal statutes amounts to an infringement upon state sovereignty. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F.Supp. 444, 445 (M.D.N.C. 1982).

To insure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil*, 313 U.S. at 109. In fact, the Fourth Circuit maintains that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Hence, removal is warranted only when absolutely necessary under federal law.

Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over all matters arising under the Constitution, laws, or treaties of the United States. A claim arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

---

[1] As a general rule, when no timely response is filed to a motion, the Court will grant the motion with the notation that it is being "granted *without opposition*." Since this motion is jurisdictional in nature, however, the Court will discuss the merits of each party's position herein.

2

**IV.    CONTENTIONS OF THE PARTIES**

In its notice of removal, Defendant CitiFinancial argues that a federal action arises in this action because Plaintiff alleges violations of 15 U.S.C. § 6801 *et seq*. (the GLBA) based on Defendants' purported violation of the statute. In the alternative, Defendant CitiFinancial maintains that Plaintiff's claim that Defendants failed to provide him with proper disclosures and a Good Faith Estimate regarding Plaintiff's loan transaction raises a federal question.

Regarding Defendant CitiFinancial's first argument, Plaintiff claims that the GLBA fails to provide any private remedy requested in the Complaint and, thus, federal question jurisdiction is not present. As to Defendant CitiFinacial's alternative argument, Plaintiff maintains that his S.C. Code Ann. § 37-3-301 claim merely incorporates the federal truth in lending requirements of 15 U.S.C. § 1601 *et seq*. (the TILA) into the state statute, and is, thus, within the ambit of state law.

**V.     DISCUSSION**

*A.     Federal privacy disclosure statute*

Defendant avers that Plaintiff's allegation of a violation of a federal statute necessarily establishes that the Court has federal question jurisdiction over this matter. The Court is unpersuaded.

"The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Indeed, as the *Merrell Dow* court noted, "[f]ar from creating some kind of automatic test, *Franshise* candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Id*. at 814. "The determination of whether a federal issue

is sufficiently substantial [to warrant federal jurisdiction] should be informed by a sensitive judgment about whether the existence of federal judicial power is both appropriate and pragmatic." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (*citing Merrell Dow* 478 U.S. at 813-14, *Custer v. Sweeney*, 89 F.3d 1156, 1168 (4th Cir.1996)).

In the instant case Plaintiff claims that Defendants' alleged violation of the GLBA amounts to negligence *per se*. It does not appear, however, that he is seeking damages pursuant to the GLBA. In fact, the GLBA does not provide a private remedy for Plaintiff.

While not dispositive, the absence of a federal private right of action is relevant to the Court's consideration of whether federal question jurisdiction is appropriate. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, --- U.S. ----, 125 S.Ct. 2363, 2370 (2005). Also relevant is, among other things, the Court's carefully considered judgment that it was never the intent of Congress to allow litigants a federal forum "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." *Id.* at 2371 (quoting *Merrell Dow*, 478 U.S. at 811-12). Therefore, the fact that 1) the GLBA does not provide a private remedy, coupled with 2) the Court's view of Congressional intent in this area and 3) the well-settled law of this circuit that remand is appropriate when jurisdiction is suspect, leads this Court to the inescapable conclusion that the exercise of federal question jurisdiction in this matter is neither appropriate nor pragmatic. Accordingly, the Court finds that Defendant CitiFinancial's first basis for removal is without merit.

### B.     *Proper disclosures and Good Faith Estimate*

As an alternative argument, Defendant CitiFinancial maintains that Plaintiff's allegation that Defendants failed to provide him with proper disclosures and a Good Faith Estimate raises a federal question. The Court is unconvinced.

Plaintiff's S.C. Code Ann. § 37-3-301 claim, which incorporates the TILA, concerns Defendants' alleged failure to provide certain documents, as required by the TILA. "[T]he presence of a claimed violation of [the TILA] as an element of a state cause of action[, however] is insufficiently 'substantial' to confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 814. Thus, for this reason, as well as those set forth in Section B above, the Court is of the opinion that Defendant CitiFinancial's second basis for removal is also without merit.

## VI.    CONCLUSION

In light of the foregoing discussion and analysis, it is the judgment of this Court that federal question jurisdiction does not exist in the case at bar. Thus, Defendant CitFinancial's removal was improper. Accordingly, Plaintiff's motion to remand is **GRANTED** and this matter is **REMANDED** to the Spartanburg County Court of Common Pleas for want of subject matter jurisdiction.

      **IT IS SO ORDERED.**

Signed this 13th day of September, 2005, in Spartanburg, South Carolina.

                                                s/Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE